IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

LUIS LOPEZ MIRANDA,

        Defendant.

CIV. NO. S-05-0744 EJG
CR. NO. S-03-0090 EJG

ORDER DENYING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE

    Defendant, a federal prisoner proceeding pro se, has filed a motion to vacate, set aside or correct his sentence. After reviewing the record and documents filed in connection with the motion, the court has determined that it may be decided without a hearing and without a response from the United States because the files and the records of the case affirmatively show the factual and legal invalidity of defendant's motion. Shah v. United States, 878 F.2d 1156, 1158-59 (9th Cir. 1989). For the reasons set forth below, the motion is DENIED.

///

///

1

## BACKGROUND

On March 19, 2004, defendant pled guilty to one count of distribution of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). He was sentenced July 16, 2004, to a term of 120 months imprisonment and 60 months supervised release. Pursuant to the terms of his plea agreement, defendant waived appeal and collateral attack of his sentence and conviction. Now, more than one year after he pled guilty and nine months after his judgment of conviction became final, defendant has filed the instant motion seeking to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, couching substantive challenges to his plea and sentence in terms of ineffective assistance of counsel.

## DISCUSSION

As part of his plea agreement the defendant agreed to waive his right to appeal his sentence and conviction, as well as his right to collaterally attack his plea and sentence, so long as his sentence did not exceed 10 years imprisonment. Plea Agreement, ¶ VI.B (attached as Exhibit 1). Defendant's waiver of his appellate rights is enforceable as long as the waiver encompasses the grounds raised in the challenge and is knowingly and voluntarily made. United States v. Joyce, 357 F.3d 921, 922-23 (9th Cir. 2004) (upholding waiver of appellate rights); United States v. DeJarnette, 63 Fed. Appx. 284 (9th Cir. 2003) (upholding waiver of appeal and collateral attack).

2

1  Here, defendant's waiver is broad and clearly encompasses
2 the collateral attack set out in his § 2255 motion. This is not
3 an instance where the plea agreement provides a limited waiver,
4 listing exceptions in which appellate or post-conviction attacks
5 are contemplated. See e.g. United States v. Aureoles, 2005 WL
6 661433 (9th Cir., March 22, 2005) (plea agreement expressly
7 reserved right to bring post-conviction attack based on
8 ineffective assistance of counsel)[1]; United States v. Shimoda,
9 334 F.3d 846 (9th Cir. 2003)(defendant retained right to
10 challenge upward departure in collateral attack).
11  In addition, defendant has not alleged or demonstrated that
12 his waiver was either involuntary or unknowing. The plea
13 agreement is clear in its expression of the waiver and defendant
14 cannot legitimately contend he did not know the meaning of the
15 waiver where the agreement bears his signature, and he was
16 specifically questioned by the court about his understanding of
17 the waiver during the plea colloquy. Because defendant has
18 waived his right to collaterally attack his sentence, the motion
19 is DENIED.
20 ///
21 ///

---

[1] Pursuant to Rule 36-3 of the Rules of the Ninth Circuit Court of Appeals, unpublished dispositions are not precedent and may not be cited except in certain limited circumstances. Accordingly, while Aureoles has no precedential value, it is cited because it directly addresses the factual issue raised in the instant case, namely specificity of limited waivers of appellate rights and, therefore, is persuasive authority.

3

CONCLUSION

1. Defendant's motion to vacate, set aside or correct his sentence is DENIED.

2. The Clerk of Court is directed to close companion civil case No. S-05-0744 EJG.

IT IS SO ORDERED.

Dated: April 29, 2005

EDWARD J. GARCIA, JUDGE
UNITED STATES DISTRICT COURT